**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOEL GREESON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | **Case No. CIV-13-329-D** |
| **Acting Commissioner, Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's applications for benefits under the Social Security Act. This matter was referred for hearing, if necessary, and submission of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B), 636(b)(3), and Fed. R. Civ. P. 72(b). The administrative record (Tr.) has been filed, and the appeal has been fully briefed and is ready for disposition. For the reasons set forth below, the undersigned recommends the Commissioner's decision be **AFFIRMED.**

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

**I. THE DECISION UNDER REVIEW**

In a decision issued on February 17, 2012, the administrative law judge (ALJ) found that Plaintiff was not disabled under the Social Security Act and therefore not entitled to disability benefits. (Tr. 14-19). The ALJ found Plaintiff to have the following severe impairments: ischemic heart disease; status post pacemaker placement; cardiomyopathy; hypertension; obesity; and status post left ankle injury. (Tr. 16). However, he found that none of these impairments met or equaled the criteria for any of the listed impairments in 20 C.F.R. § Part 404, Subpart P, Appendix 1. (Tr. 17). The ALJ found Plaintiff's depression to be non-severe, noting only mild limitations in the three functional areas (activities of daily living, social functioning, and concentration, persistence and pace). *Id.*

Upon continuing the sequential analysis, the ALJ found Plaintiff to have the residual functional capacity (RFC) to perform a limited range of sedentary work, described as follows:

> [T]he claimant has the residual functional capacity to lift and carry 10 pounds occasionally and less than 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for at least 2 hours during an eight-hour workday. The claimant can occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl. The claimant cannot climb ladders, ropes or scaffolds.

(Tr. 17-18).

Based upon this RFC finding, the ALJ found that Plaintiff was capable of performing his past relevant work as a bench inspector as it was actually performed.

(Tr. 19, 58). Thus, the ALJ found Plaintiff to be not disabled at step four of the sequential analysis.

## II. ERRORS ALLEGED ON APPEAL

In this appeal, Plaintiff alleges that the ALJ erred in two respects; first, that the ALJ did not address the opinion of Plaintiff's treating physician, Dr. Thrower. ECF No. 15:3. Second, Plaintiff alleges that the ALJ improperly addressed his credibility. ECF No. 15:7.

### A. Treating Physician Error

Plaintiff's first claim of error has three subparts, but all turn on his contention that the ALJ committed reversible error by not addressing an opinion by Plaintiff's treating physician, Dr. Thrower. ECF No. 15:3.

The first subpart addresses the ALJ's treatment of the decisions of the state agency consultants; Plaintiff contends that the ALJ "cherry-picked" from the opinions. *Id.* In particular, he argues that the ALJ adopted the state agency consultant's opinion regarding his exertional capacity, but failed to accept the consultant's opinion regarding postural limitations. ECF No. 15:3-4.

The Commissioner responds to this argument by noting that the ALJ's RFC finding was more restrictive than that of the state agency consultants. ECF No. 16:11. She contends that to the extent there was error, it did no harm to Plaintiff and does not support reversal. *Id.* (citing *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir. 2012) (ALJ's decision did not prejudice claimant because giving greater weight to

opinion would not have led to a finding of disability). The undersigned agrees with the Commissioner that to the extent there was any error in the ALJ's handling of the state agency consultants' opinion, it was harmless.

Next, Plaintiff alleges that the ALJ erred in failing to discuss the opinion of Dr. Thrower, Plaintiff's treating physician. ECF No. 15:4. He refers to the opinion of Dr. Thrower presented in an undated letter:

> Mr. Greeson has very severe nonischemic cardiomyopathy with ejection fraction estimated at 5-10% with significant cardiac symptoms at rest. He is currently not able to function to establish gainful employment and is being evaluated for a heart transplant. Please take this into consideration for any available resources or assistance for him.

(Tr. 852). Although this letter is undated, the Commissioner states that the opinion was written on or about September 25, 2012. ECF No. 16:6. Plaintiff filed a Reply Brief in which he states that as "Defendant has raised no new issues and only responded to the specific issues raised by Mr. Greeson's brief, no Reply appears necessary." ECF No. 17. Accordingly, the undersigned finds that the Commissioner's contention that the letter was not received until approximately seven months after the ALJ's decision is correct.

Because the evidence was not available to the ALJ at the time his decision was issued, Plaintiff's argument that there was error in failing to address it in the decision must obviously fail. However, the Appeals Council did consider the opinion of Dr. Thrower and made it part of the administrative record. (Tr. 5, 9). Under these circumstances, the question is not whether the treating physician rule was followed by

4

the ALJ in his decision, but whether in light of this evidence the ALJ's decision is still supported by substantial evidence.

In *Chambers v. Barnhart,* 389 F.3d 1139 (10th Cir. 2004), the Tenth Circuit summarized the relevant principles applicable to the Appeals Council's consideration of additional evidence. The Appeals Council must consider evidence submitted with a request for review "if the additional evidence is (a) new, (b) material, and (c) relate[d] to the period on or before the date of the ALJ's decision" *Chambers,* 389 F.3d at 1142. (internal quotations and citations omitted); 20 C.F.R. § 416.1470(b). If the Appeals Council finds the evidence is new, material and chronologically relevant *and* considers the evidence in determining whether the ALJ's decision should be subjected to their review, the evidence is included in the administrative record, even if the Appeals Council ultimately finds no reason under their rules to review the ALJ's decision.

The Tenth Circuit has acknowledged a split in its own opinions regarding the standard of review to be applied to the Appeals Council's decision to accept new evidence—whether to review it *de novo*, or accept the Appeals Council's finding. *Krauser v. Astrue*, 638 F.3d 1324, 1329 (10th Cir. 2011). However, in *Krauser* the Tenth Circuit noted: "We need not definitively resolve the matter here, however, since we can in any event affirm the ALJ's rejection ... even with the new evidence considered by the Appeals Council augmenting our record." The same is true in this case: even in light of Dr. Thrower's opinion, the undersigned finds the ALJ's decision to be supported by substantial evidence.

First, to the extent Dr. Thrower opines that Plaintiff cannot work, it is of no import. The Social Security Administration's regulations provide that opinions on some issues, such as whether the claimant is disabled, are not medical opinions. 20 C.F.R. § 404.1527(d); 20 416.927(d). This issue is one reserved to the Commissioner because it is an administrative finding that is dispositive of a case.

Applying the regulations applicable to consideration of a treating physician's opinion to the balance of Dr. Thrower's opinion leads the undersigned to conclude that the ALJ's decision is supported by substantial evidence. When considering the opinion of a claimant's treating physician, it must first be determined whether the opinion should be given "controlling weight" on the matter to which it relates. *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion of a treating physician must be given controlling weight if it is *both* well supported by medically acceptable clinical or laboratory diagnostic techniques *and* not inconsistent with other substantial evidence in the record. *Watkins,* 350 F.3d at 1300 (applying SSR 96–2p, 1996 WL 374188, at *2); 20 C.F.R. § 416.927(c)(2). The undersigned has thoroughly examined the medical evidence and other evidence of record and finds no support for Dr. Thrower's opinion that Plaintiff has "very severe" nonischemic cardiomyopathy. Moreover, Dr. Thrower "estimates" Plaintiff's ejection fraction at 5-10%, yet there is no medical evidence supporting such a low ejection fraction. Finally, his conclusion that Plaintiff has "significant cardiac symptoms at rest" is contradicted by Plaintiff's own testimony. (*See* Tr. 29-52). In his testimony, Plaintiff's only mention of pain was after significant

6

exertion, such as mowing the lawn. (Tr. 39-42). Dr. Thrower's statement that Plaintiff is "being evaluated" for a heart transplant finds no other support in the record, and he provides none in his opinion letter.

Finally, based upon his argument regarding the ALJ's handling of Dr. Thrower's opinion, Plaintiff alleges that Dr. Thrower's opinion supports a finding that Plaintiff's heart impairment meets or equals a listing. ECF No. 15:4-5. His argument is based on the fact that Plaintiff's ejection fraction is less than 30%. Aside from the finding above that the ALJ's decision is supported by substantial evidence even when considering Dr. Thrower's opinion, the Commissioner correctly notes that a low ejection fraction is not enough to equal or meet the listing for chronic heart failure. ECF No. 16:7 (citing 20 C.F.R. § Part 404, Subpart P, Appendix 1, § 4.02). Thus, even if Dr. Thrower's opinion regarding Plaintiff's ejection fraction had some support in the record, that alone would not result in a *per se* finding of disability.

In light of the foregoing, the undersigned finds Plaintiff's first claim of error to be without merit.

**B. Credibility Determination**

Plaintiff's second claim of error is that the ALJ failed to link his finding regarding Plaintiff's credibility with specific evidence. ECF No. 15:7. He also makes an argument under *Bjornson v. Astrue*, 671 F.3d 640 (7th Cir. 2012), claiming that the ALJ made his credibility determination before reaching his RFC finding.

Plaintiff's *Bjornson* argument is without support in the Tenth Circuit. *Keyes–Zachary v. Astrue,* 695 F.3d 1156, 1170 (10th Cir. 2012) ("use of ... boilerplate is problematic only when it appears 'in the absence of a more thorough analysis.'" (quoting *Hardman v. Barnhart,* 362 F.3d 676, 679 (10th Cir. 2004)). Less than a month ago, the Tenth Circuit specifically referenced a claimant's reliance on the Seventh Circuit decision in *Bjornson*, stating

> Relying on *Bjornson v. Astrue,* 671 F.3d 640, 645–46 (7th Cir. 2012), [claimant] urges this court to reverse because the ALJ's decision, apparently in accord with the standard decision template, sets forth the RFC finding before discussing the factors that go into making that finding, including the credibility determination. We decline to reverse on this ground.

*Romero v. Colvin*, Case No. 13-2200, 2014 WL 2210747 n. 1 (10th Cir. May 29, 2014). The undersigned finds that the use of the template in this case is not improper, in that a proper credibility analysis was performed.

Plaintiff next argues that in making his credibility finding, the ALJ only discussed "*de minimis*" medical evidence and hearing testimony. ECF No. 15:8. In fact, he claims "there is not one credibility determination in the opinion." *Id.*

In response, the Commissioner notes that in evaluating credibility an ALJ need not employ a formalistic factor-by-factor recitation of the evidence. ECF No. 16:12. The Commissioner also relies on the deference owed to an ALJ's credibility findings due to his "institutional advantage in making [this] type of determination." ECF No. 16:12.

Finally, the Commissioner points out the specific relevant factors the ALJ addressed when analyzing Plaintiff's credibility. ECF No. 16:13.

An ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p, 1996 WL 374186, at *4 (July 2, 1996). Thus, "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995) (brackets and internal quotation marks omitted). However "[c]redibility determinations are peculiarly the province of the finder of fact." *Id.* (internal quotation marks omitted). The undersigned finds that the ALJ met these requirements in making his credibility finding.

The first two reasons given by the ALJ are two set out in boldface type in the decision:

> **The claimant testified he has no problem sitting and that he could stand for a "pretty good while."**
>
> **[T]he claimant reported he stopped working on February 2, 2009, because his employer was having problems, and people were being laid off.**

(Tr. 18). Other evidence was then referenced, including: although Plaintiff experiences symptoms consistent with congestive heart failure, he responded favorably to adjustment in medications; that Plaintiff had no more episodes of atrial fibrillation after a medication—defetilide—was discontinued; the Plaintiff denied chest pain, dyspnea on

9

exertion, orthopnea, PND[1], or lower extremity edema; that Plaintiff was compliant with his medications without side effects; and was able to exercise if his knees were not bothering him. (Tr. 19).

The ALJ gave specific reasons for his assessment of Plaintiff's credibility, and referenced the evidence in doing so. In light of the above, the undersigned finds Plaintiff's claim that the ALJ erred in his credibility analysis to be without merit.

## RECOMMENDATION

Having reviewed the evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **AFFIRMED.**

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. See 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **July 8, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

---

[1] *Orthopnea* is the sensation of breathlessness in the recumbent position, relieved by sitting or standing. *Paroxysmal nocturnal dyspnea* (PND) is a sensation of shortness of breath that awakens the patient, often after 1 or 2 hours of sleep, and is usually relieved in the upright position. Vaskar Mukerji, Clinical Methods: The History, Physical, and Laboratory Examinations (accessed June 23, 2014, 3:04 p.m.) (http://www.ncbi.nlm.nih.gov/books/NBK213/).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on June 24, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE